UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JANE DOE, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil No. 16-cv-478-JHM |
| v. | )<br>)<br>) **MEMORANDUM OPINION &** |
| PREFERRED CARE, INC., et al., | ) **ORDER**<br>) |
| Defendants. | )<br>) |

\*\*\*\*\*

Most of this False Claims Act case has been resolved. The parties have worked out settlement agreements involving nearly every claim and every defendant. But not all. At least one defendant remains. The settling parties have filed a Joint Stipulation of Dismissal under Federal Rule of Civil Procedure 41. [DE 44]. That rule, however, allows only dismissal of *actions*, not individual claims. And because the current settlements do not dispose of the entire action, the parties have taken the wrong procedural course to reach their desired destination.

But no matter. The Court will still allow the parties' stipulation to go forward, just under a different rule because the Court construes filings "by their substantive content and not by their labels." *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

1

Rule 21 provides the proper mechanism by which to achieve the desired result. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). And under that rule, the stipulation is **GRANTED**.

This is a False Claims Act filed against several defendants. The United States has intervened in part, and the parties have advised the Court that they have reached settlements. On those claims, the parties have filed a Joint Stipulation of Dismissal. [DE 44]. But the parties note that "[t]hese stipulations of dismissal do not apply to any claim asserted against Reliant Pro Rehab, LLC or Reliant Rehabilitation Holdings, Inc." [*Id.*, p. 2]. Reliant has not reached a settlement and will stick around regardless of the stipulation filed by other parties. In other words, the stipulation gets rid of only *a portion* of the claims—not the entire action.

In this circuit, Rule 41 does not operate this way. The rule permits plaintiffs to dismiss only the entire controversy, not a portion of the claims. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). "In the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties." *EQT Gathering, LLC v. A Tract of Property Situated in*

*Knott Cty., Ky.*, No. 12-58-ART, 2012 WL 3644968, at *1 (E.D. Ky. Aug. 24, 2012).

Other circuits disagree. *See, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases). The Sixth Circuit has itself muddled Rule 41's contours when it affirmed a district court's Rule 41 dismissal of all claims against one defendant, but not the entire action. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The Circuit has since recognized that the "Sixth Circuit's interpretation of Rule 41 is unclear." *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 265–66 (6th Cir. 2001) *overruled on other grounds* by *Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008). But in *Letherer* the Court assumed that dismissal of anything less than an entire action implicated Rule 21, not Rule 41. *See id*. And even if *Banque* conflicts with *Taylor*, this Court would be bound to follow the earlier published decision. *See Wallace v. FedEx Corp.*, 764 F.3d 571, 583 (6th Cir. 2014) ("one panel of [the Sixth Circuit] cannot overrule another panel's published decision.").

And district courts in this circuit routinely apply *Taylor* when plaintiffs attempt to dismiss less than the entire controversy. *See, e.g.*, *See, e.g.*, *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-2738, 2013

3

WL 3893556, at *4 (N.D. Ohio July 26, 2014) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21."); *SAAP Energy v. Greenwich Ins. Co.*, No. 1:12-CV-00098-TBR, 2014 WL 12726322, at *2-4 (W.D. Ky. May 21, 2014); *Columbia Gas Transmission, LLC v. Raven Co., Inc.*, Civil No. 12-72-ART, 2014 WL 12650688, at *1 (E.D. Ky. Mar. 6, 2014) (Rule 41 motion must dismiss "all claims against all defendants, not individual claims or parties"); *CNX Gas Co., LLC v. Miller Energy Res., Inc.,* No. 3:11-CV-362-TAV-CCS, 2014 WL 11638566, at *2 (E.D. Tenn. Jan. 8, 2014) ("Rule 41(a)(2) . . . is not the correct procedural vehicle for . . . dismissal of one of multiple parties"); *EQT Gathering, LLC v. A Tract of Property Situated in Knott Cty., Ky.*, No. 12-58-ART, 2012 WL 3644968, at *2 (E.D. Ky. Aug. 24, 2012) (Rule 41 dismissals may only "eliminate all claims against all defendants"); *Barrientos v. UT-Battelle, LLC*, 284 F. Supp. 2d 908, 916 (S.D. Ohio 2003) ("voluntary dismissal under [Rule 41(a)(2)] is only available to dismiss entire actions, not single claims.").

As in those cases, so it is here. Plaintiffs may not dismiss only *some* of the claims or defendants under Rule 41. *Taylor* commands that parties use Rule 21 to dismiss only portions of claims or defendants.

4

Curious, though, that a Court may intervene in the Rule 41 context. After all, the rule allows dismissal *without* a court order and "explicitly leaves the option to dismiss in the plaintiff's hands; once the plaintiff gives his notice, the lawsuit is no more." *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993). "Civil Rule 41(a)(1)(A)(ii) orders, generally speaking, are 'self-executing' and do 'not require judicial approval.'" *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2013) (quoting Green v. Nevers, 111 F.3d 1295, 1301 (6 Cir. 1997)). Indeed, under Rule 41 the parties do not *ask* for an order of dismissal; they instead *tell* the Court about the dismissal. Usually, permission is superfluous.

Usually, but not always. Courts "may decline to permit a voluntary dismissal when required to avoid short-circuiting the judicial process, or to safeguard interests of persons entitled to the court's special protection." *Green*, 111 F.3d at 1301. And among the reasons for judicial intervention is when a party attempts to dismiss less than the entire action. In short, "a Rule 41 notice purporting to dismiss certain claims is ineffective." *Malik v. F-19 Holdings, LLC*, NO. 5:15-130-KKC, 2016 WL 2939150, at *4 (E.D. Ky. May 19, 2016).

So the parties here cannot use Rule 41. They must take a detour. Rule 21 provides the alternate path. *See Taylor*, 286

5

F.2d at 785. The end result is the same. Rule 41 or Rule 21, some parties are leaving this lawsuit. But the distinction is not meaningless. First, because "[d]ropping less than the entirety of an action . . . risks prejudice to the other parties." *EQT Gathering, LLC*, 2012 WL 3644968, at *3. And second because this is federal court where "[e]specially here, the rules matter." *ECIMOS, LLC v. Nortek Global HVAC, LLC*, --- F. App'x ---, 2018 WL 2459915, at *1 (6th Cir. June 1, 2018). This Court will enforce the rules.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) That the Court construes the parties' Joint Stipulation of Dismissal under Rule 41(a)(1) as a Motion under Rule 21;

(2) The Stipulation is **GRANTED**;

(3) That the following claims made by the United States and Relator Susan Helton against Defendants Preferred Care Inc., Preferred Care, Inc. d/b/a Preferred Care of Delaware, Inc., Preferred Care Partners Management Group, LP, PCPMG, LLC, Kentucky Partners Management, LLC, Stanton Health Facilities, L.P. d/b/a Stanton Health and Rehabilitation Center, and Thomas D. Scott ("Settling Defendants") are **DISMISSED WITH PREJUDICE**:

(i) that the Settling Defendants knowingly submitted or caused the submission of, false or fraudulent claims for payment to Medicare and Medicaid by **(a)** providing materially substandard and/or worthless services to certain residents of Stanton between July 1, 2012 and April 30, 2015, and **(b)** entering resource utilization group ("RUG") codes that did not accurately reflect the anticipated amount of assistance with activities of daily living that was medically necessary and/or provided to residents of Stanton between July 1, 2012 and October 31, 2017;

(4) That all other remaining allegations against the Settling Defendants are **DISMISSED WITHOUT PREJUDICE** as to the United States and **DISMISSED WITH PREJUDICE** as to Relator Helton;

(5) That as to the claims on which the United States has neither intervened nor declined to intervene an intervention decision is now **MOOT**

(6) That the Stipulation does not apply to any claim asserted against Reliant Pro Rehab, LLC or Reliant Rehabilitation Holdings, Inc.

This the 2nd day of August, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge